# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **PACKET INTELLIGENCE LLC,** § | Civil Action No. _____ |
| § | |
| Plaintiff, § | |
| § | Jury Trial Requested |
| v. § | |
| § | |
| **CISCO SYSTEMS, INC.,** § | |
| § | |
| Defendant. § | |
| § | |

## PACKET INTELLIGENCE LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Packet Intelligence LLC ("Packet Intelligence" or "Plaintiff") hereby submits this Complaint for patent infringement against Defendant Cisco Systems, Inc. ("Cisco" or "Defendant").

## THE PARTIES

1. Plaintiff Packet Intelligence is a limited liability company existing under the laws of Texas with its principal place of business at 505 East Travis Street Suite 209, Marshall, TX 75670.

2. Packet Intelligence is informed and believes, and on that basis alleges, that Defendant Cisco is a corporation organized and existing under the laws of California, having a principal place of business at 170 West Tasman Drive, San Jose, California, 95134. Cisco is registered to do business in Texas and can be served with process through its registered agent, Prentice Hall Corporation System at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) in that Cisco has done business in this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District, entitling Packet Intelligence to relief.

5. In particular, Cisco maintains two world class data centers in or near the Eastern District of Texas. One is located in Richardson and the other in Allen. Cisco also has two Customer Briefing Centers located in Collin County—one in Richardson and the other in Allen. Cisco invites customers to "[v]isit one of these centers for interactive demonstrations and discussions with Cisco industry and technology experts to see how an intelligent network can transform your business." *See* http://www.cisco.com/web/about/ac156/about_cisco_visiting_cisco_home.html (last visited Mar. 18, 2014).

## CISCO'S INFRINGING PRODUCTS

6. The following facts relating to Cisco are provided upon information and belief. Cisco markets, sells, and supports a feature called Cisco Service Control Application for Mobile Networks and/or Cisco Service Control Application for Broadband Networks. *See* Cisco Service Control Application for Mobile Networks Data Sheet (attached as Exhibit 2). This feature is available on certain Cisco networking products, including at least Cisco SCE 1000, SCE 2000, and SCE 8000 Series Service Control Engines.

7. Cisco provides detailed instructions to its customers on how to use Cisco Service Control Application for Mobile Networks and/or Cisco Service Control Application for Broadband Networks in a manner that directly infringes U.S. Patent No. 6,771,646 ('646 Patent). *See, e.g.*, Cisco Service Control Mobile Solution Guide (attached as Exhibit 3); Cisco Service Control Application for Broadband User Guide (attached as Exhibit 4).

8. Cisco markets, sells, and supports features referred to as Cisco Application Visibility and Control, Network Based Application Recognition ("NBAR"), and/or NBAR2. *See* Cisco

Application Visibility and Control At a Glance (attached as Exhibit 5). Some or all of these features are available on certain Cisco networking products, including at least Cisco Integrated Services Routers Generation 2 (ISR G2), Cisco ASR 1000 Series Aggregation Service Routers (ASR 1000s), and Cisco Wireless LAN Controllers. Cisco provides detailed instructions to its customers on how to use Cisco Application Visibility and Control, Network Based Application Recognition ("NBAR"), and/or NBAR2 in a manner that directly infringes the '646 Patent. *See, e.g.*, Application Visibility and Control Configuration Guide, Cisco IOS Release 15M&T (attached as Exhibit 6); QoS: NBAR Configuration Guide, Cisco IOS Release 15M&T (attached as Exhibit 7).

9. Cisco markets, sells, and supports Cisco Network Analysis Module Products, including products providing or incorporating Network Analysis Module version 6.1 or later, which incorporate support for Network Based Application Recognition 2 ("NBAR2"). *See* Release Notes for Cisco Prime Network Analysis Module 6.1 (attached as Exhibit 8). Such products include one or more of the following components: Cisco Nexus 7000 Series Prime NAM-NX1, Cisco Catalyst 6500 Series Prime NAM-3, Cisco Virtual Network Analysis on ESXi (ESXi-vNAM), Cisco Virtual Network Analysis on KVM (KVM vNAM), Cisco 2220 Appliance, Cisco 2204 Appliance, Cisco 2320 Appliance, Cisco 2304 Appliance, Nexus 1110, and Cisco SM-SRE/700/710/900/910. *See* Cisco Network Analysis Modules Compatibility Matrix (attached as Exhibit 9). These products can be deployed on one or more of the following Cisco devices: Cisco Nexus Series 7000 switches, Cisco 6500 Series Switches, Cisco 6807 Switches, Cisco NAM 2200 Series Appliances, Cisco NAM 2300 Series Appliances, Cisco Nexus 1110, Cisco 3900 Series Integrated Services Routers, and KVM- or ESXi-based virtual network management environments. *See id*.

## INFRINGEMENT OF U.S. PATENT NO. 6,771,646

10. On August 3, 2004, United States Patent No. 6,771,646 ("the '646 Patent") was duly and legally issued for inventions entitled "Associate Cache Structure for Lookups and Updates of Flow

Records in a Network Monitor." On October 28, 2014, the United States Patent and Trademark Office issued a Certificate of Correction of inventorship for the '646 Patent. Packet Intelligence owns the '646 Patent and holds the right to sue and recover damages for infringement thereof. A true and correct copy of the '646 Patent is attached hereto as Exhibit 1.

11. On information and belief, Cisco has infringed directly and continues to infringe directly one or more claims of the '646 Patent by its manufacture, sale, and use of network components that include, for example, one or more of the following features: Cisco Service Control Application for Mobile Networks, Cisco Service Control Application for Broadband Networks, Cisco Application Visibility and Control, Network Based Application Recognition ("NBAR"), NBAR2, and Cisco Prime Network Analysis Module 6.1. Such components include, at least, Cisco SCE 1000 Series Service Control Engines, SCE 2000 Series Service Control Engines, SCE 8000 Series Service Control Engines, Cisco Integrated Services Routers Generation 2 (ISR G2), Cisco ASR 1000 Series Aggregation Service Routers (ASR 1000s), Cisco Wireless LAN Controllers, Cisco Nexus 7000 Series Prime NAM-NX1, Cisco Catalyst 6500 Series Prime NAM-3, Cisco Virtual Network Analysis on ESXi (ESXi-vNAM), Cisco Virtual Network Analysis on KVM (KVM vNAM), Cisco 2220 Appliance, Cisco 2204 Appliance, Cisco 2320 Appliance, Cisco 2304 Appliance, Nexus 1110, and Cisco SM-SRE/700/710/900/910. Cisco is liable for infringement of the '646 Patent pursuant to 35 U.S.C. § 271.

12. On information and belief, when Cisco first had notice of the '646 Patent and at least by March 24, 2014—the filing date of a lawsuit alleging infringement of the '646 Patent prior to the inventorship correction—Cisco indirectly infringed and continues to indirectly infringe one or more claims of the '646 Patent by active inducement under 35 U.S.C. § 271(b). Cisco has induced, caused, urged, encouraged, aided and abetted its direct and indirect customers to make, use, sell,

offer for sale and/or import the products identified in the previous paragraph whose use infringes the '646 Patent. Cisco has done so by acts including but not limited to selling such products including features that—when used—infringe the '646 Patent; marketing the infringing capabilities of such products; and providing instructions, technical support, and other support and encouragement for the use of such products. Such conduct by Cisco was intended to and actually did result in direct infringement, including the making, using, selling, offering for sale and/or importation of infringing products in the United States.

13. Cisco's infringement of the '646 Patent has damaged Packet Intelligence, and Cisco is liable to Packet Intelligence in an amount to be determined at trial that compensates Packet Intelligence for the infringement, which by law can be no less than a reasonable royalty.

14. As a result of Cisco's infringement of the '646 Patent, Packet Intelligence has suffered irreparable harm and will continue to suffer loss and injury unless Cisco is enjoined by this Court.

### CISCO'S PRIOR KNOWLEDGE OF THE '646 PATENT

15. On information and belief, Cisco Technology, Inc. ("CTI") is a wholly owned subsidiary of Cisco, Inc., and CTI is the original assignee of numerous Cisco technology patents. Many of these patents pertain to network technologies similar to those described in the '646 Patent. Additionally, many of CTI's patents (and thus Cisco's) directly reference or cite several of the patents in suit.

16. The '646 Patent is cited by the following CTI patents: U.S. Patent Nos. 6,895,481 (published May 17, 2005); 7,065,083 (published June 20, 2006); 7,664,879 (published Feb. 16, 2010); 7,698,416 (published Apr. 13, 2010); 7,725,934 (published May 25, 2010); 7,797,406 (published Sept. 14, 2010); 7,817,636 (published Oct. 19, 2010); 7,827,256 (published Nov. 2, 2010); 7,948,910 (published May 24, 2011); 7,962,582 (published June 14, 2011); 7,984,140 (published July 19, 2011); 7,987,272 (published July 26, 2011); 7,996,556 (published Aug. 9,

2011); 8,082,304 (published Dec. 20, 2011); 8,090,839 (published Jan. 3, 2012); 8,176,175 (published May 8, 2012); 8,228,908 (published July 24, 2012); 8,248,953 (published Aug. 21. 2012); 8,266,327 (published Sept. 11, 2012); 8,312,148 (published Nov. 13, 2012); 8,458,467 (published June 4, 2013); and 8,549,171 (published Oct. 1, 2013). Accordingly, Cisco has had knowledge of the '646 Patent since at least May 17, 2005. Despite such knowledge, Cisco has proceeded to infringe the '646 Patent with full and complete knowledge of its applicability to its products without taking a license under the '646 Patent and without a good faith belief that the '646 Patent is invalid and not infringed. Thus, Cisco's infringement of the '646 Patent is willful and deliberate, entitling Packet Intelligence to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Packet Intelligence prays for the following relief:

17. A judgment in favor of Packet Intelligence that Cisco has infringed and is infringing U.S. Patent No. 6,771,646;

18. An Order permanently enjoining Cisco, its respective officers, agents, employees, and those acting in privity with it, from further direct and/or indirect infringement of U.S. Patent No. 6,771,646;

19. An award of damages to Packet Intelligence arising out of Cisco's infringement of U.S. Patent No. 6,771,646, including enhanced damages pursuant to 35 U.S.C. § 284, together with prejudgment and post-judgment interest, in an amount according to proof;

20. An award of an ongoing royalty for Cisco's post-judgment infringement in an amount according to proof;

21. An award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

22. Granting Packet Intelligence its costs and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

23. Packet Intelligence demands a trial by jury of any and all issues triable of right before a jury.

Dated: December 16, 2014

Respectfully submitted,

*/s/ Brooke A. M. Taylor* (by permission A. Bullwinkel)

Brooke A. M. Taylor
WA State Bar No. 33190
BTaylor@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1201 Third Avenue, Suite 3800
Seattle, WA  98101-3000
T: (206) 516-3880
F: (206) 516-3883

Shawn D. Blackburn
NY State Bar No. 5017249
SBlackburn@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
T: (713) 653-7822
F: (713) 654-6666

LeElle Krompass
TX State Bar No. 24074549
LKrompass@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
560 Lexington Ave., 15th Floor
New York, NY 1002-6828
T: (212) 336-8330
F: (212) 336-8340

Michael F. Heim
TX State Bar No. 09380923
mheim@hpcllp.com
Robert Allan Bullwinkel

TX State Bar No. 24064327
abullwinkel@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
600 Travis Street, Suite 6710
Houston, Texas 77002-2912
Telephone: (713) 221-2000
Facsimile: (713) 221-2021

Douglas R. Wilson
TX State Bar No. 24037719
dwilson@hpcllp.com
**HEIM, PAYNE & CHORUSH, LLP**
9442 Capital of Texas Hwy.
Plaza I, Suite 500-146
Austin, Texas 78759
Telephone: (512) 343-3622
Facsimile: (512) 345-2924

T. John Ward, Jr.
Texas Bar No. 00794818
E-mail: jw@wsfirm.com
Claire Abernathy Henry
Texas Bar No. 24053063
E-mail: claire@wsfirm.com
**WARD & SMITH LAW FIRM**
P.O. Box 1231
1127 Judson Rd., Ste. 220
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile:  (903) 757-2323

S. Calvin Capshaw, III
Texas Bar No. 03783900
**Capshaw DeRieux LLP**
114 E. Commerce Avenue
Gladewater, TX 75647
Phone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com

**ATTORNEYS FOR PACKET INTELLIGENCE LLC**